

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00306CV

---

JAMES RICHARDS, APPELLANT

V.

MARSHA MCLANE, EXECUTIVE DIRECTOR, TEXAS CIVIL COMMITMENT OFFICE, IN HER OFFICIAL CAPACITY, STEWART JENKINS, DIRECTOR OF PROGRAMS, TEXAS CIVIL COMMITMENT OFFICE, IN HIS OFFICIAL CAPACITY, MICHAEL SEARCY, OPERATIONS SPECIALIST TEXAS CIVIL COMMITMENT OFFICE, IN HIS OFFICIAL CAPACITY, AND KARA GOUGLER, CIVIL COMMITMENT MANAGER TEXAS CIVIL COMMITMENT OFFICE IN HER OFFICIAL CAPACITY, APPELLEES

---

On Appeal from the 459th District Court
Travis County, Texas
Trial Court No. D-1-GN-19-002353, Honorable Tim Sulak, Presiding

---

May 17, 2021

## OPINION ON ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

James Richards appeals from an order granting a plea to the trial court's jurisdiction.[1] He had sued Marsha McLane, executive director, Texas Civil Commitment

---

[1] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

Office, in her official capacity, Stewart Jenkins, director of programs, Texas Civil Commitment Office, in his official capacity, Michael Searcy, operations specialist Texas Civil Commitment Office, in his official capacity, and Kara Gougler, civil commitment manager, Texas Civil Commitment Office, in her official capacity (collectively referred to as McLane). They responded with their plea to the jurisdiction. The order granting it merely stated that "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' Plea to the Jurisdiction is GRANTED." It did not order the dismissal of the cause. Nor does the record contain a separate order dismissing the suit. This is problematic.

The circumstance likens to one concerning a summary judgment that the trial court merely granted without an accompanying order adjudicating the rights involved. In such situations, the signed decree ordering that the summary judgment is granted is interlocutory and non-appealable. This is so because the document neither expresses a specific settlement of rights between the parties nor discloses the specific and final result officially condoned and recognized under the law. *Castleman v. Internet Money, Ltd.*, No. 07-20-00312-CV, 2020 Tex. App. LEXIS 9184, at *2 (Tex. App.—Amarillo Nov. 23, 2020, no pet.) (mem. op.). The same is no less true where a trial court issues an order specifying simply that the plea to the jurisdiction is granted. Nevertheless, the rules of appellate procedure allow us to grant the trial court opportunity to modify the order from which appeal was taken to make it final. *Id.*

Accordingly, we abate the appeal and remand the cause to the trial court. Upon remand, the trial court may issue such further orders or judgments necessary to create a final, appealable order in this cause. Included in this would be an order expressly

2

dismissing Richards's suit for want of jurisdiction. Unless a final, appealable order or judgment is included in a supplemental clerk's record and filed with the clerk of this court on or before June 7, 2021, the appeal will be reinstated and dismissed for want of jurisdiction.

Per Curiam